JULIO SOLLA, Plaintiff and Appellant, *v.* L. ALVAREZ ET AL., Defendants and Appellees.

No. 7336. Argued June 22, 1936.—Decided July 8, 1936.

*M. Benítez Flores* for appellant.   *R. Buscaglia* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The dismissal of this appeal is requested on the ground that it is frivolous.

The record shows that after judgment was rendered ordering the plaintiff to pay the costs, the defendants Alvarez and Ruiz filed a memorandum claiming $10 for the clerk's fees and $350 for attorney's fees.

The plaintiff objected to the first item as excessive and to the second as excessive and unjustified, alleging in addition that the court lacked jurisdiction to entertain and decide the claim. He did not argue his contentions.

The matter was included in the calendar and a hearing was set at which only the plaintiff appeared by his attorney. He requested that the memorandum be dismissed for failure of the party presenting it to appear. During the same session the said party, by its attorney, asked the court not to grant the motion to dismiss, since it intended to continue the matter asking in turn that it be referred to Judge De Jesús, who had rendered the judgment. The court decided both motions as follows:

"The failure of the defendants to appear at the hearing on the memorandum, does not necessarily cause its dismissal when the intention to continue the proceeding is shown, and since neither the memorandum nor the objection has been considered by the court,

"The motion to dismiss is denied and it is ordered that the memorandum and the objection thereto remain pending a new hearing which will be made in the special calendar before the trial judge."

On the new date set the parties appeared and "submitted the memorandum of costs presented and the objection thereto without offering any evidence." The court ended the matter with the following order:

"In view of the memorandum of costs presented by the defendants and the objection thereto filed by the plaintiff, the court, taking into account the work actually done by the attorney for the defendants, the amount involved and the nature of the case, reduces the item for attorney's fees from $350 to $200, and approves the memorandum of costs for the total amount of $210. Let the parties be notified."

Feeling aggrieved, the plaintiff took the present appeal.

Is it frivolous? In our opinion it is so because the record showing what we have just stated, what other decision could be rendered but that of affirming the order appealed from?

We do not have the benefit of a written reply to the motion to dismiss. We seem to remember that at the hearing of the motion the attorney for the appellant referred orally to the previous history of the case in support of the lack of jurisdiction alleged, and to the failure of the plaintiffs to present evidence of the fees claimed.

Let us see the history of the case. It appears in our decision in the case of *Solla* v. *Alvarez*, 49 P.R.R. _____. This court affirmed on appeal the judgment of the district court dismissing the complaint for lack of sufficient facts to constitute a cause of action and on the additional ground that the court lacked jurisdiction, and said:

"Even supposing that a right of action existed against the defendants, in our opinion the lack of jurisdiction of the court is clear,

because the sureties can not be responsible for an amount larger than $200, which was the bond required by the municipal court to decree the attachment. This amount is not within the jurisdiction of the district court. As concerns Mrs. Petra B. de Marín, no controversy exists between her and the plaintiff, because she has not been a party to this action nor has she made an appearance, nor is there any probability that she will. The fact that a sum larger than $500 is claimed and that a person is included in the complaint who has never been under the jurisdiction of the court, can not vest said court with jurisdiction over the person of the defendants, who in no event would be liable for a sum larger that the amount of the bond.''

The fact that a district court dismisses a complaint for want of jurisdiction, does not mean that it has no jurisdiction to order the plaintiff to pay the defendant the costs incurred by the latter as a result of the action, and to tax the amount of said costs later, within the appropriate proceeding. The appellant's contention as to want of jurisdiction therefore has no merit.

Nor is the contention of lack of evidence of the fees meritorious. The memorandum is sworn to according to law and was presented within the action in compliance with one of the pronouncements of the judgment rendered in the same. Therefore, without the necessity of additional evidence, the court had before it sufficient elements to decide the question raised. It is true that on some occasions expert testimony is introduced as to the value of the services but such evidence is not essential.

There remains only the question of the amount of the fees. The amount fixed y the court should stand. An examination of the record of the appeal previously taken from the final judgment rendered in this case shows that it is not excessive.

The motion is granted and the appeal dismissed.

Mr. Justice Córdova Dávila took no part in the decision of this case.